EXHIBIT "A"

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
medelstein@costellomains.com
Attorneys for Plaintiff

| | |
|---|---|
| MAXSON GIBBS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | ESSEX COUNTY – LAW DIVISION |
| vs | CIVIL ACTION |
| ACADEMY EXPRESS, L.L.C.; ACADEMY EXPRESS, INC.; and JOHN DOES 1-5 AND 6-10, | DOCKET NO: ESX-L-3538-22 |
| Defendant(s). | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: Thursday, July 14, 2022

**Name of Defendant to be Served:**          **ACADEMY EXPRESS, L.L.C.**
**Address of Defendant to be Served:**       **c/o Registered Agent:**
                                             **Francis Tedesco**
                                             **111 Paterson Ave.**
                                             **Hoboken, NJ 07030**

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
medelstein@costellomains.com
Attorneys for Plaintiff

|  |  |
|---|---|
| MAXSON GIBBS, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | ESSEX COUNTY   LAW DIVISION |
| vs. | CIVIL ACTION |
| ACADEMY EXPRESS, L.L.C.; ACADEMY EXPRESS, INC.; and JOHN DOES 1-5 AND 6-10, | DOCKET NO: ESX-L-3538-22 |
| Defendant(s). | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: Thursday, July 14, 2022

**Name of Defendant to be Served:**          **ACADEMY EXPRESS, INC.**
**Address of Defendant to be Served:**       **c/o Registered Agent:**
                                             **Francis Tedesco**
                                             **111 Paterson Ave.**
                                             **Hoboken, NJ 07030**

**COSTELLO & MAINS, LLC**
By: Miriam S. Edelstein
Attorney I.D. No. 037612006
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| MAXSON GIBBS, | : SUPERIOR COURT OF NEW JERSEY |
| | : ESSEX COUNTY - LAW DIVISION |
| Plaintiff, | : |
| | : CIVIL ACTION |
| vs. | : |
| | : |
| ACADEMY EXPRESS, L.L.C.; | : DOCKET NO: ESX-L-3538-22 |
| ACADEMY EXPRESS, INC.; and JOHN | : |
| DOES 1-5 AND 6-10. | : **FIRST AMENDED** |
| | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Maxson Gibbs, residing in Irvington, New Jersey, by way of Complaint against the Defendants, says:

**Reason for Amendment**

This amended pleading is filed as-of-right prior to the filing of any responsive pleading to add new Counts VIII and IX arising under the New Jersey Family Leave Act ("NJFLA"), with corresponding additions to the allegations in Paragraphs 17, 22, 24 and 37-40.

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Law Against Discrimination ("LAD") alleging race discrimination, disability discrimination, perceived disability discrimination, failure to reasonably accommodate disability and retaliation.

This matter is also opened to the Court for violations of the Family Medical Leave Act ("FMLA") and the New Jersey Family Leave Act ("NJFLA").

1

In the alternative to his statutory claims, Plaintiff further brings a claim of wrongful discharge in violation of public policy pursuant to the doctrines set forth in *Pierce v. Ortho Pharmaceutical* and *Lally v. Copy Graphics, Inc.*

### Identification of Parties

1.     Plaintiff Maxson Gibbs is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the Defendants.

2.     Defendant Academy Express, L.L.C. is, at all relevant times herein, a New Jersey domestic corporation doing business in Hoboken, New Jersey and the former employer of the Plaintiff.

3.     Defendant Academy Express, Inc. is, at all relevant times herein, a New Jersey domestic corporation doing business in Hoboken, New Jersey and the former employer of the Plaintiff.

4.     Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

5.     Plaintiff started working as a bus driver for the Defendants in or around January 2018.

6.     At all times Plaintiff performed up to and/or beyond the reasonable expectations of his employer.

7.     On or about November 13, 2020, Plaintiff fell ill while at work, feeling dizzy and cold, with a temperature of 102-degrees Fahrenheit.

8.      Plaintiff went home for the night and began to have difficulty breathing and suffered a fall when he attempted to go into the bathroom.

9.      The following day, Plaintiff called out of work and explained his condition to the Defendants' manager, Mike (last name unknown).

10.      Mike asked Plaintiff if he had come into contact with any other drivers, and Plaintiff responded that he had not.

11.      Plaintiff's condition worsened throughout the day, and he called and spoke with another manager, Wayne Matthew, and asked to be sent to the Defendants' medical clinic.

12.      Though the Defendants did not send Plaintiff to the clinic, Plaintiff continued to feel worse and went to the clinic on his own on or about November 16, 2020.

13.      On or about November 19, 2020, Plaintiff received a positive result from the COVID-19 test conducted at the clinic and remained out of work.

14.      On or about November 28, 2020, Plaintiff went to get another COVID-19 test at a clinic, and again received a positive result and continued to remain out of work.

15.      On or about December 12, 2020, Plaintiff went to get another COVID-19 test at a clinic, and though he tested negative, Plaintiff was still experiencing severe shortness of breath, chest pain, back pain and weakness, and was too ill to return to work at that time.

16.      On or about December 23, 2020, Plaintiff spoke with the Defendants' dispatcher, Alexa (last name unknown), and confirmed his continued illness and that he was too sick to come back to work at that time.

17.      Plaintiff thereby put the Defendants on notice of his serious health condition as well as need for a reasonable accommodation for his medical condition, thus engaging in protected activity under the LAD, FMLA and NJFLA.

18.     Alexa told Plaintiff to call the office when he felt better.

19.     On or about December 30, 2020, Wayne Matthew called Plaintiff and asked why Plaintiff had been out of work for 6 weeks.

20.     Plaintiff explained to Matthew that he was suffering from long-term effects of COVID-19 and was too sick to return to work at that time.

21.     Plaintiff thereby put Defendants on further notice of his serious health condition and need for reasonable accommodation.

22.     Rather than advising Plaintiff of his rights under the FMLA, NJFLA and/or engaging in any interactive dialogue to discuss reasonable accommodations, however, Matthew responded, "I don't want to hear that," and terminated Plaintiff's employment on the spot, stating, "you are no longer working for the company because you have no respect for the company."

23.     At all times relevant herein, Defendants employed at least 50 employees within a 75-mile radius of Plaintiff's primary work location, and were thus covered employers under the FMLA.

24.     At all times relevant herein, Plaintiff had worked for Defendants for at least twelve (12) months and had worked at least 1,250 hours in the twelve (12) months preceding his medical absence, and, accordingly, was an eligible employee under both the FMLA and the NJFLA.

25.     In or around September 2021, a former co-worker told Plaintiff that Matthew "doesn't like Black people," even though Matthew, himself, is Black.

26.     Plaintiff is also Black.

4

27.     This former co-worker further told Plaintiff that the Defendants had been extremely busy and in need of drivers and that he had suggested to Matthew that Matthew call Plaintiff.

28.     Matthew refused to call Plaintiff, however, and told the former co-worker that he would not call Plaintiff because Plaintiff had not been "honest about his sickness."

29.     About a month later, Plaintiff received a call from Cordell (last name unknown), another employee of Defendants, asking Plaintiff to come back to work.

30.     Cordell told Plaintiff that Matthew was a "big liar" and had been fired.

31.     Cordell also told Plaintiff that Matthew "doesn't like Black people."

32.     Plaintiff asked Cordell why he (Cordell) had not said anything when Matthew fired Plaintiff, as Cordell had been listening to the conversation at the time.

33.     Cordell had no explanation for why he had not said anything at the time, nor anytime in the intervening 10 months.

34.     Defendants violated Plaintiff's rights under the LAD when they failed to engage in an interactive dialogue after he requested a reasonable accommodation for his medical condition, which constituted a disability under the LAD.

35.     Defendants further violated Plaintiff's rights under the LAD when they failed to provide him with a reasonable accommodation for his disability to enable him to perform the essential functions of his position.

36.     At all times relevant herein, Plaintiff was qualified to perform and capable of performing the essential functions of his position with reasonable accommodation for his disability.

37.     Defendants violated the FMLA and NJFLA when they failed to provide Plaintiff with required notice of his rights under the FMLA and NJFLA after he had informed them of his serious health condition.

38.     Defendants further interfered with Plaintiff's rights under the FMLA and NJFLA by failing to allow him to exercise those rights when they terminated his employment.

39.     Defendants further retaliated against Plaintiff for attempting to exercise his rights under the FMLA and NJFLA when they terminated his employment.

40.     A determinative and/or motivating factor in Plaintiff's termination was his attempt to exercise his rights under the FMLA and NJFLA.

41.     In the addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was Plaintiff's disability under the LAD.

42.     In the addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's termination was the Defendants' perception regarding Plaintiff's disability.

43.     In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's termination was his request for a reasonable accommodation.

44.     In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's termination was his race (Black).

45.     In the alternative to the statutory remedies available to her, Plaintiff is further a member of a protected class pursuant to the doctrines established by the Courts in *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copy Graphics, Inc.*

46.     To the extent there is any "mixed motive," Plaintiff need only show that a determinative and/or motivating factor in the Defendants' conduct was because of his membership in one or more of the protected categories set forth above.

47.    Because the Defendants' conduct above was knowing, intentional, purposeful and egregious, and because it was undertaken by members of upper management, punitive damages are warranted.

48.    As a result of the Defendants' unlawful conduct alleged above, Plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Race Discrimination – LAD

49.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 48, as though fully set forth herein.

50.    For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Disability Discrimination – LAD

51.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 50, as though fully set forth herein.

52.    For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory

damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Perception of Disability Discrimination – LAD

53.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 52, as though fully set forth herein.

54.     For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation – LAD

55.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 54, as though fully set forth herein.

56.     For the reasons set forth above, the Defendants are liable to Plaintiff for unlawful retaliation in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees,

equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT V

### LAD Failure to Accommodate

57.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 56, as though fully set forth herein.

58.     As alleged above, Defendants failed to engage in any interactive process to determine whether or not a reasonable accommodation could be provided, and failed to provide any reasonable accommodation, for Plaintiff's disability in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VI

### FMLA Interference

59.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 58, as though fully set forth herein.

60.     For the reasons set forth above, Defendants interfered with Plaintiff's rights under the FMLA by failing to provide him with the required notice of his rights and failing to provide him with job protected medical leave such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, liquidated damages, interest, costs of

suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement and any other relief the Court deems equitable and just.

## COUNT VII

### FMLA Retaliation

61.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 60, as though fully

set forth herein.

62.     For the reasons set forth above, Defendants retaliated against Plaintiff for

attempting to exercise his rights under the FMLA such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and

in the alternative, together with compensatory damages, liquidated damages, interest, costs of

suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement and any other relief the Court deems equitable and just.

## COUNT VIII

### NJFLA Interference

63.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 62, as though fully

set forth herein.

64.     For the reasons set forth above, Defendants retaliated against Plaintiff for

attempting to exercise his rights under the NJFLA such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and

in the alternative, together with compensatory damages, , including emotional distress and

personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys'

fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the

Court deems equitable and just.

## COUNT IX

### NJFLA Retaliation

65.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 64, as though fully set forth herein.

66.     For the reasons set forth above, Defendants retaliated against Plaintiff for attempting to exercise his rights under the NJFLA such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT X

### Wrongful Discharge in Violation of Public Policy (*Pierce/Lally*)

67.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 66, as though fully set forth herein.

68.     In the alternative to the statutory remedies set forth above, Plaintiff was terminated in violation of a clear mandate of public policy.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, costs of suit, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT XI

### Request for Declaratory and Equitable Relief

69.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 68 as though fully set forth herein.

70.     In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a.      Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey and federal law as set forth herein;

b.      Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

c.      Plaintiff requests equitable reinstatement to his position or to a position of at least equivalent status and terms of employment including compensation, together with equitable back pay and front pay;

d.      Plaintiff requests that any order for equitable reinstatement, back pay and/or front pay includes the full value of all lost wages, benefits, fringe benefits and other remuneration of which Plaintiff was deprived due to the Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

e.      Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or his attorneys in connection with this litigation and all of Plaintiff's reasonable attorneys' fees along with statutory enhancements to said attorneys' fees;

f.      Plaintiff requests that the Court order the Defendants to have all personnel undergo and complete an initial training within 90 days of such order, and thereafter annual

training, on the prevention of employment practices prohibited by the LAD, FMLA and NJFLA and to require that such training be conducted by an independent consultant with expertise in such training and prevention and not otherwise employed by or in any contractual relationship with the Defendants;

        g.      Plaintiff requests that the Court order the Defendants to furnish proof of completion of the initial training to Plaintiff within 180 days of such order;

        h.      Plaintiff requests that the Court order that the Defendants expunge from all records any reference to the Plaintiff's discipline and/or termination and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of his employment and last position held unless legally required to produce other information; and

        i.      Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, the Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, liquidated damages, declaratory relief and equitable relief to include equitable reinstatement, back pay and front pay, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**


By: */s /Miriam S. Edelstein*
               **Miriam S. Edelstein**

Dated: July 14, 2022

13

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

**By:  _/s/ Miriam S. Edelstein_**
                **Miriam S. Edelstein**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

**By:  _/s/ Miriam S. Edelstein_**
                **Miriam S. Edelstein**

## RULE 4:5-1 CERTIFICATION

1.  I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.  I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: */s/ Miriam S. Edelstein*
**Miriam S. Edelstein**

## DESIGNATION OF TRIAL COUNSEL

Miriam S. Edelstein, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: */s/ Miriam S. Edelstein*
**Miriam S. Edelstein**

ESX-L-003538-22   06/16/2022 10:04:51 AM   Pg 1 of 1   Trans ID: LCV20222278718

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-003538-22**

Case Caption: GIBBS MAXSON  VS ACADEMY EXPRESS L. L. C.

Case Initiation Date: 06/16/2022

Attorney Name: MIRIAM S EDELSTEIN

Firm Name: COSTELLO & MAINS LLC

Address: 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

Phone: 8567279700

Name of Party: PLAINTIFF : GIBBS, MAXSON

Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: LAW AGAINST DISCRIMINATION (LAD) CASES

Document Type: Complaint with Jury Demand

Jury Demand: YES  6 JURORS

Is this a professional malpractice case?  NO

Related cases pending:  NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Does this case involve claims related to COVID-19? NO

Are sexual abuse claims alleged by: MAXSON GIBBS? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
      If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
      If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/16/2022                                                                        /s/ MIRIAM S EDELSTEIN
Dated                                                                                              Signed

ESX-L-003538-22   06/17/2022 5:26:30 AM   Pg 1 of 1   Trans ID: LCV20222289423

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102
                              TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 16, 2022
                    RE:     GIBBS MAXSON  VS ACADEMY EXPRESS, L.L.C.
                    DOCKET: ESX L -003538 22

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MAYRA V. TARANTINO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: MIRIAM S. EDELSTEIN
                              COSTELLO & MAINS LLC
                              18000 HORIZON WAY
                              STE 800
                              MT LAUREL       NJ 08054-4319

ECOURTS